IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRIS PHARMA, INC.,                     )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )     C.A. No.  14-1309-GMS
                                       )
ACTAVIS LABORATORIES FL, INC.          )
                                       )
            Defendant.                 )

## [PROPOSED] SCHEDULING ORDER

This _____ day of _____ 20___, the Court having conducted a Rule 16

Scheduling Conference pursuant to Local Rule 16.2(b) on January 26, 2015, and the parties having

determined after discussion that the matter cannot be resolved at this juncture by settlement,

voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.      **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before

**February 9, 2015**.

2.      **Joinder of other Parties and Amendment of Pleadings.**  All motions to join

other parties and amend the pleadings shall be filed on or before **November 17, 2015**.

3.      ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing

shall be held on **January 6, 2016** at **9:30 a.m.** The *Markman* hearing is scheduled for a total of **3**

hours with each side having **1.5** hours. On or before **September 3, 2015**, the parties shall

exchange proposed terms for construction. On or before **September 22, 2015**, the parties shall

exchange proposed claim constructions. The parties shall meet and confer regarding narrowing

and reducing the number of claim construction issues. On or before **September 30, 2015**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on **October 30, 2015**, and answering claim construction briefs on **December 1, 2015**. Briefing will be presented pursuant to the court's Local Rules.

4.      **Discovery.**  All discovery in this case shall be initiated so that it will be completed on or before **February 26, 2016**. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **May 3, 2016**. Rebuttal expert reports shall be served on or before **June 21, 2016**. Reply expert reports shall be served on or before **July 26, 2016**. Expert Discovery in this case shall be initiated so that it will be completed on or before **August 23, 2016**.

a.      **Discovery and Scheduling Matters.**  Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **Joint Letter Agenda**, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov.  After the parties

---

[1]    Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

have had three (3) discovery teleconferences, they will be required to file a joint letter showing

good cause why the court should permit a fourth discovery teleconference. Should the court find

further briefing necessary upon conclusion of the telephone conference, unless otherwise directed,

the party seeking relief shall file with the court a **TWO PAGE LETTER,** exclusive of exhibits,

describing the issues in contention.  The responding party shall file within five (5) days from the

date of service of the opening letter an answering letter of no more than **TWO PAGES.**  The party

seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days

from the date of service of the answering letter.

        b.      **Delaware Default Standard ¶ 3 Disclosure**.  On or before **February 25,**

**2015**, the parties shall exchange the information described in ¶ 3 of the Delaware Default

Standard for Discovery, Including Discovery of Electronically Stored Information (ESI).

        c.      **Production of File Histories of Asserted Patents.**  On or before

**February 25, 2015**, Plaintiff shall produce the file history for each asserted patent.

        d.      **Production of ANDA No. 206049.**  On or before **March 27, 2015**,

Defendant shall produce ANDA No. 206049.

        e.      **Delaware Default Standard ¶ 4(c) Disclosure**.  On or before **April 27,**

**2015**, Plaintiff shall serve to Defendant an initial claim chart relating each accused product to the

asserted claims in accordance with ¶ 4(c) of the Delaware Default Standard for Discovery,

Including Discovery of Electronically Stored Information (ESI).

        f.      **Delaware Default Standard ¶ 4(d) Disclosure**.  On or before **May 27,**

**2015**, Defendant shall serve to Plaintiff its initial invalidity contentions for each asserted claim,

as well as the related invalidating references (e.g. , publications, manuals and patents) in

accordance with ¶ 4(d) of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information (ESI).

g.   **Completion of Document Discovery.**   Document discovery shall be complete by **October 20, 2015**.

h.   **Final Contentions.**   On or before **30 days after the Court issues a** *Markman* **opinion:** (i) Plaintiff shall serve to Defendant final infringement contentions relating each accused product to the asserted claims; and (ii) Defendant shall serve to Plaintiff its final invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

5.   **Confidential Information and Papers filed under Seal.**   Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within thirty (30) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 4(a).**

6.   **Settlement Conference.**   Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  The parties shall wait to be contacted by the assigned United States Magistrate Judge.

7.   **Case Dispositive Motions.**   To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of

such motions. Briefing will be presented pursuant to the Court's Local Rules.  The parties may agree on an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.  Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

8.      **Applications by Motion.**  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9.      **Oral Argument.**  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

10.      **Pretrial Conference.**  On **October 13, 2016**, beginning at **10:00 a.m.**, the Court will hold a Pretrial Conference, via telephone, with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov.  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.  Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order.  **Motions *in limine*[2]:  NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial

---

[2]      The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's List Of Evidentiary Issues It Intends To Raise."

day).  The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov, on or before **close of business September 30, 2016**.

      11.     <u>**Trial.**</u>  This matter is scheduled for a <u>**5**</u> day **bench** trial beginning at 9:00 a.m. on **October 24, 2016**.

      12.     <u>**Scheduling.**</u>  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____

UNITED STATES DISTRICT JUDGE

## EXHIBIT A – PROPOSED DEADLINES

*Tris Pharma, Inc. v. Actavis Laboratories FL, Inc.*; C.A. No.  14-1309-GMS

| EVENT | DEADLINE |
|---|---|
| Rule 26 (a) Initial Disclosures | February 9, 2015 |
| Delaware Default Standard ¶ 3 Disclosure | February 25, 2015 |
| Plaintiff produces file history for each asserted patent | February 25, 2015 |
| Defendant produces ANDA 206049 | March 27, 2015 |
| Delaware Default Standard ¶ 4(c) disclosure | April 27, 2015 |
| Delaware Default Standard ¶ 4(d) disclosure | May 27, 2015 |
| Exchange of proposed terms for construction | September 3, 2015 |
| Exchange of proposed claim constructions | September 22, 2015 |
| Final joint claim chart | September 30, 2015 |
| Complete document discovery | October 20, 2015 |
| Opening claim construction briefs | October 30, 2015 |
| Deadline for motions to join parties or amend pleadings | November 17, 2015 |
| Answering claim construction briefs and Joint Appendix of intrinsic evidence | December 1, 2015 |
| Markman hearing | January 6, 2016 |
| Close of fact discovery | February 26, 2016 |
| Final infringement and invalidity contentions | 30 days after *Markman* opinion |
| Opening expert reports | May 3, 2016 |
| Rebuttal expert reports | June 21, 2016 |
| Reply expert reports | July 26, 2016 |
| Close of expert discovery | August 23, 2016 |
| Joint Proposed Final Pretrial Order | September 30, 2016 |
| Pretrial Conference | October 13, 2016 |
| Trial – 5 Day Bench Trial | October 24-28, 2016 |

8862016.1