IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRIS PHARMA, INC.,                          )
                                            )
              Plaintiff,                     )
                                            )
       v.                                    )        Civil Action No.  14-1309-GMS
                                            )        CONSOLIDATED
                                            )
ACTAVIS LABORATORIES FL, INC., ET AL.,       )
                                            )
              Defendants.                    )
                                            )

## ORDER CONSTRUING THE TERMS OF
## U.S. PATENT NOS. 8,465,765; 8,563,033; 8,778,390; and 8,956,649

After having considered the submissions of the parties, and hearing oral argument on the

matter, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted

claims of U.S. Patent Nos. 8,465,765 ("the '765 patent"), 8,563,033 ("the '033 patent"), 8,778,390

("the '390 patent"), and 8,956,649 ("the '649 patent")[1]:

    1.  The term **"single mean average plasma concentration peak"** is construed to
       have its plain and ordinary meaning.[2]

---

[1] The asserted patents (collectively, "the '765 patent family") are related as continuations, and thus share a common specification.

[2] The court rejects the proposed construction of "having only one peak in a plasma concentration-time curve for a population" submitted by the defendant, Actavis Laboratories Fl., Inc., ("Actavis"). The court also partially rejects the construction submitted by the plaintiff, Tris Pharma, Inc., ("Tris"), specifically the clarifying explanation that the claim language means: "a mean plasma concentration profile with a single peak." The court does not believe either party's construction would add needed clarity to the scope of this claim. *See U.S. Surgical Corp v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) ("Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims . . . .").

    First, the court finds the plain and ordinary meaning of the claim language is sufficient to differentiate the covered plasma profiles from plasma profiles with two distinct peaks arising from two different release components. The court does not agree that Tris's additional explanation is necessary, which states that "the mean plasma concentration curve does not have two or more peaks arising from different release components." (D.I. 85 at 7.) The court agrees with Actavis that Tris's proposed

Dated:  January ___, 2016

UNITED STATES DISTRICT COURT

---

construction does not clarify that there is variability at the top of the single peak any more than Actavis'
proposed construction does.  (D.I. 85 at 5-8.)  Nor is Actavis's proposed construction, "having only one
peak," required to add clarity.

      Secondly, the court does not believe it is necessary to clarify through claim construction that the
mean is based specifically on plotting the concentration of methylphenidate versus time for a population
of subjects, as Actavis contends.  (D.I. 86 at 0-11).  *See Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 806
(Fed. Cir. 2007) ("[A] sound claim construction need not always purge every shred of ambiguity).  The
court does not believe a construction more precise than plain and ordinary meaning is required.